IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| AARON WOODSON, | ) | CASE NO.1:19-CV-00339-DAP |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | United States District Judge |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| STATE OF OHIO, | ) | |
| | ) | REPORT & RECOMMENDATION |
| Defendant, | ) | |

**Introduction**

Before me[1] is the *pro se* petition of Aaron Woodson for a writ of habeas corpus under 28

U.S.C. § 2254.[2] Woodson is incarcerated by the State of Ohio at the Ohio State Penitentiary in

Youngstown, Ohio.[3] He is serving a term of life without parole that was imposed in 2009 by the

Cuyahoga County Common Pleas Court after he was convicted at jury trial of carrying a concealed

weapon and aggravated murder.[4] In his petition for federal habeas relief, Woodson raises four

---

[1] The matter was referred to me pursuant to Local Rule 72.2 by United States District Judge Dan Aaron Polster in a non-document order entered on March 18, 2019.
[2] ECF No. 1.
[3] *Id*. at 1. This was confirmed at the time this Report and Recommendation was submitted.
http://drc.ohio.gov/offendersearch
[4] *Id*. at 1-2.

grounds for habeas relief all related to the state trial court's decisions denying him a new trial based on a purportedly newly discovered affidavit from a trial witness recanting his trial testimony.[5]The State, in its return of the writ, argues that all four grounds should be dismissed as non-cognizable, or alternatively, as procedurally defaulted.[6]Woodson has filed a traverse.[7]

For the following reasons, I will recommend that the petition be dismissed as non-cognizable.[8]

## Facts

Background facts, trial and sentence

The facts as found by the Ohio appeals court[9]show that on July 12, 2018, around 1 a.m., Woodson, along with his cousin, joined a group of three men drinking brandy on a Cleveland porch in the Garden Valley housing project.[10]Woodson, who all three men testified was wearing black that night, appeared intoxicated when he arrived.[11]According to witnesses, no one was arguing or fighting, although one of the men, William Basemore, had a gun on his lap.[12]

In an event not directly witnessed by any of the men, who were all looking in other directions at the time, Basemore was shot and killed.[13]Testimony from other men on the porch was that Woodson was standing next to Basemore immediately before the shooting and that

---

[5] *Id*. at 7-20.
[6] ECF No. 8.
[7] ECF No. 9.
[8] On December 13, 2021, Woodson, pro se, moved to amend this petition with four additional grounds and to expand the record. ECF No. 10. The State has not responded. This motion is addressed in a separate R&R recommending its denial submitted simultaneously as this one.
[9] Facts found by the state appeals court are presumed correct by the federal habeas court. 28 U.S.C. §2254(e)(1).
[10] ECF No. 8, Attachment at 65.
[11] *Id*. at 66.
[12] *Id.*
[13] *Id.*

immediately after the shooting, Woodson was seen walking away from the scene with a gun in his hand.[14]

The coroner testified at trial that Basemore was killed by a single gunshot to the head, possibly fired from less than a foot away.[15]DNA tests on the brandy bottle, a red cup and a bottle of water found at the scene showed a high level of the victim's DNA but could not definitively identify anyone else, although the presence of other DNA was established.[16]

Based on statements from two men who were on the porch, an arrest warrant for Woodson was issued.[17]When Woodson was finally located as the result of a tip from a confidential informant, he denied to police that he was Aaron Woodson and further denied having been to the Garden Valley estates.[18]In addition, when shown a photograph of the victim, William Basemore, Woodson identified Basemore as "D" and told police it had been nine years since he had last seen "D."[19]

Woodson was indicted on one count of aggravated murder, with two firearm specifications, and one count of carrying a concealed weapon.[20]After pleading not guilty,[21] the matter proceeded to a jury trial where the jury found Woodson guilty on all charges.[22]On May 21, 2009, the trial court sentenced Woodson to: life in prison without parole for aggravated murder, plus an additional three years in prison for the firearm specification; and 18 months in prison for carrying a concealed

---

[14] *Id*.
[15] *Id*. at 67.
[16] *Id*.
[17] *Id*. at 68.
[18] *Id*.
[19] *Id*.
[20] *Id*. at 1.
[21] *Id*. at 4.
[22] *Id*. at 5.

weapon, such terms to be served concurrently, for an aggregate term of life in prison without parole, plus three years.[23]

Direct appeal

*Ohio appeals court*

On June 17, 2009, Woodson, through new counsel,[24] timely[25] filed a notice of appeal.[26]In his brief, Woodson raised the following two assignments of error:

    1.    The trial court erred in denying [Woodson's] motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction.

    2.    [Woodson's] convictions are against the manifest weight of the evidence.[27]

The State filed a brief in response.[28]On April 15, 2020, the Ohio appeals court overruled all the assignments of error and affirmed the judgment of the trial court.[29]

*Supreme Court of Ohio*

On July 2, 2010, Woodson, *pro se*, filed a motion to file a delayed appeal/notice of appeal with the Supreme Court of Ohio,[30]which motion was then granted.[31]In his memorandum in support of jurisdiction, Woodson raised the following two propositions of law:

---

[23] *Id*. at 6.
[24] Thomas Rein filed the notice of appeal. *Id*. at 7. Tom Conway and Stuart H. Lippe represented Woodson at trial. *Id*. at 6.
[25] To be timely, a notice of appeal must be filed within 30 days of the entry of the judgment being appealed. Ohio App. Rule 4(A).
[26] ECF No. 8, Attachment at 7.
[27] *Id*. at 29.
[28] *Id*. at 49.
[29] *Id*. at 63.
[30] *Id*. at 76.
[31] *Id*. at 98.

1.      The trial court erred in denying [Woodson's] motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction.

2.      [Woodson's] convictions are against the manifest weight of the evidence.[32]

The State waived the filing of a responsive memorandum[33] and, on December 1, 2010, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[34]

The record does not show that Woodson then sought a writ of certiorari from the United States Supreme Court.

Application to re-open the appeal/ Rule 26(B) application

Immediately prior to his filing of the motion for a delayed appeal with the Ohio Supreme Court, on July 1, 2020, Woodson, *pro se*, filed an application under Ohio App. Rule 26(B) with the Ohio appeals court to re-open his appeal.[35]Woodson stated two grounds for re-opening:

1.      I am being denied access to my trial transcript thus denying my 14th Amendment right to due process.

2.      Trial counsel was ineffective for not attempting to sever the Agg. Murder charge from the carrying a concealed weapon charge, thus violating my 5th, 6th and 14th Amendment right to due process.[36]

---

[32] *Id*. at 105-07.
[33] *Id*. at 154.
[34] *Id*. at 155.
[35] *Id*. at 156.
[36] *Id.* at 158, 162.

The State responded in opposition, arguing the claims were barred by the doctrine of *res judicata*.[37]On October 28, 2010, the Ohio court of appeals denied the application to re-open.[38]

On November 22, 2010, Woodson, *pro se*, filed a notice of appeal with the Supreme Court of Ohio.[39]In the memorandum in support of jurisdiction, Woodson raised the following two propositions of law:

1.      I am being denied my trial transcript thus denying my 14th Amendment right to due process.

2.      Trial counsel was ineffective for not attempting to sever the Agg. Murder charge from the carrying concealed weapon [charge], thus violating my 5th, 6th, and 14th Amendment right of due process.[40]

The record does not show that the State filed a responsive brief. On February 2, 2018, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[41]

2018 attempt to receive a new trial

On April 12, 2018 – or almost eight years after the conclusion of his direct appeal and nearly seven years after the conclusion of his motion to re-open his appeal - Woodson, *pro se*, filed a motion in the trial court for a new trial based on purportedly newly discovered evidence.[42]Woodson claimed that his grandmother, Georgia Woodson, was contacted in January

---

[37] *Id*. at 172.
[38] *Id*. at 181.
[39] *Id*. at 189.
[40] *Id.* at 197, 199.
[41] *Id*. at 212.
[42] *Id*. at 213.

2018 by Allen Robinson, a trial witness and Woodson's cousin, to say that he lied in his testimony.[43] In support of the motion for a new trial, Woodson submitted affidavits from his grandmother and Allen Robinson, together with a letter from Robinson and Woodson's own affidavit.[44] Robinson claimed that he lied because the police had told him to, and asserted that the reason he was coming forward after over eight years was because he wanted to clear his conscience.[45]

The State filed a brief in opposition citing a number of deficiencies in the "new evidence."[46] On May 2, 2018,[47] the trial court summarily denied the motion for a new trial[48] and further ruled that such a motion was moot.[49]

On May 29, 2018, Woodson, *pro se*, timely appealed to the Ohio court of appeals.[50] In his merit brief submitted by new counsel, Woodson raised the following two assignments of error:

1.       The trial court erred when denying [Woodson's] pro se motion seeking leave to file a motion for a new trial based on newly discovered evidence without conducting an evidentiary

---

[43] *Id*.

[44] *Id*.

[45] *Id*.

[46] *Id*. at 267. Among these were: (1) the motion was untimely because it should have been filed within 120 days of the verdict, not eight and a half years later; (2) Woodson had not shown by clear and convincing evidence that he was prevented from filing within 120 days; (3) Robinson is Woodson's cousin, and the notary on the affidavits was Woodson's other cousin, whose name Woodson falsely gave to police when he was first arrested, thereby creating a strong inference that Robinson was seeking to recant based on pressure from Woodson's family; (4) Robinson did not give "convincing" reasons why it took eight and half years for his conscience to bother him; (5) the affidavit did not spell out precisely what testimony Robinson wanted to retract; and (6) if Robinson now sought to claim that Woodson was not the "man in black" who accompanied him to the scene, Robinson did not now identify who that individual was.

[47] Woodson replied to the State's opposition on May 9, 2018 – after the trial court had denied the motion. Id. at 296.

[48] *Id*. at 294.

[49] *Id*. at 295.

[50] *Id*. at 306.

hearing to determine the merits of [Woodson's] claim and stating its findings of fact in its said journal entry.

2.    The trial court abused its discretion when denying [Woodson's] pro se motion seeking leave to file a motion for a new trial based on newly discovered evidence without first holding an evidentiary hearing to determine the said case on the merits, when credible evidence was presented to support the granting of leave to file for a new trial.[51]

On June 8, 2018, the Ohio appeals court *sua sponte* dismissed the appeal for failure to follow local rules.[52] On July 10, 2018, Woodson filed a motion to correct his initial appeal and for reconsideration of the court's dismissal,[53] but on July 13, 2018, that motion was denied.[54]

One week later, on July 20, 2018, Woodson, *pro se,* filed a notice of appeal with the Supreme Court of Ohio.[55] In his memorandum in support of jurisdiction, he raised the following four propositions of law:

1.    The trial court may grant a motion for a new trial, pursuant to Crim. R. 33(A)(6), based on the discovery of new evidence material to the defense that the defendant could not, with reasonable diligence, have discovered and produced at trial. *State v. Graggs*, 10th Dist. No. 13 App. 852, 2014-Ohio-1195, ¶15. "A motion for a new trial based on newly discovered evidence must be filed within 120 days after the jury's verdict or the court's judgment." *Id.* citing Crim. R. 33(B). "A trial court may grant a motion for leave to file a motion for a new trial based on newly discovered evidence beyond the 120-day deadline if it is made to appear by clear and convincing

---

[51] *Id.* at 307.
[52] *Id.* at 330.
[53] *Id.* at 331.
[54] *Id.* at 330.
[55] *Id.* at 334.

proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely." *Graggs* at ¶15, quoting Crim. R. 33(B).

2.     Defendant Aaron Woodson pursuant to Crim. R. 33(A) [illegible] moves the court to order a new trial on the basis of newly discovered evidence for a recantation provided by an affidavit received from a trial witness in which the witness is recanting his trial testimony against the defendant. *State v. Wright*, 67 Ohio App. 3d 827, 588 N.E.2d 930, 1990 Ohio LEXIS 2199; *State v. Banion*, 26 Ohio App. 2nd 285, 271 N.E. 2d 312, 1970 Ohio LEXIS 370. Which the defendant could not have discovered with reasonable diligence and produced at his trial in May of 2009. Allen Robinson now comes forward with the affidavit recanting his trial testimony, he states in his affidavit that he was coerced by the two detectives he had spoken with to implicate Woodson in the charged crime of aggravated murder. In Robinson's affidavit he states that Woodson was not the person who shot and killed the victim William Basemore and also Woodson was not with him the night of the shooting.

3.     Motion to reopen appeal based on newly discovered evidence: Crim. R. 33(A)(6) provides that a motion for a new trial on the grounds of newly discovered evidence may be granted only if that evidence: (1) discloses a strong probability that [it] will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative of former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Cannon*, 8th Dist. Cuyahoga No. 103298, 2016-Ohio-3173, ¶12, citing *State v. Petro*, 148 Ohio St. 505, 76 N.E. 2d 370 (1947) syllabus.

4.      Arguments in support of reopen an appeal: The newly discovered evidence provided by an affidavit received from a trial witness in which the witness is recanting his trial testimony against the defendant thereby violating Woodson's right to a fair trial.[56]

The State did not file a responsive memorandum.[57] On October 10, 2018, the Ohio Supreme Court declined to accept jurisdiction.[58] Woodson then moved for reconsideration,[59] which motion was denied on December 12, 2018.[60]

2018 motion for a delayed appeal

While his motion for new trial and appeals from the denial of that motion were pending, Woodson, on June 27, 2018, *pro se*, filed a motion for a delayed appeal from the denial of his motion for a new trial.[61] On July 9, 2018, the Ohio appeals court denied leave to file, noting that Woodson had already filed a direct appeal from that decision and was not entitled to file yet another appeal by means of a delayed appeal.[62] Woodson did not seek to file an appeal from that decision with the Supreme Court of Ohio.

Federal habeas petition

On February 12, 2019,[63] Woodson, *pro se*, filed the present petition for federal habeas relief.[64] Woodson states four grounds for relief:

---

[56] *Id.* at 337.
[57] See, *id.* at 360.
[58] *Id*. at 365.
[59] *Id*. at 366.
[60] *Id*. at 381.
[61] *Id*. at 382.
[62] *Id*. at 415.
[63] This is the date Woodson states in his petition that he submitted the petition to the prison mail system. ECF No. 1 at 15. This event allows the petition to be deemed filed on that date. *Houston v. Lack*, 487 U.S. 266 (1988).
[64] ECF No. 1.

1.      Motion for leave to file a motion for new trial based on newly discovered evidence beyond the 120-day deadline.

2.      Motion for new trial based on newly discovered evidence from a recantation provided by an affidavit from a trial witness.

3.      The trial court erred when denying appellant's [*sic*] *pro se* motion seeking leave to file a motion for a new trial based on newly discovered evidence without conducting an evidentiary hearing to determine the merits of appellant's [*sic*] claim and stating its findings of fact in its said journal entry.

4.      The trial court abused its discretion when denying appellant's [*sic*] *pro se* motion seeking leave to file a motion for a new trial based on newly discovered evidence without first holding an evidentiary hearing to determine the merits of said case on its merits, when credible evidence was presented to support the granting of leave to file for a new trial.[65]

**Analysis**

Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.      There is no dispute that Woodson is in the custody of the State of Ohio as the result of his conviction and sentence by an Ohio court in the matter that is the subject of this petition, and that he was so incarcerated at the time he filed this petition.[66]

---

[65] *Id*. at 17-20.
[66] 28 U.S.C. §2254(a).

2.      Further, it does not appear that this petition was timely filed under the applicable statute.[67] In particular, the petition was filed on February 14, 2019, which is more than one year after the conclusion of Woodson's direct appeal, which ended when the Ohio Supreme Court denied his delayed appeal on December 1, 2010. In his petition, Woodson incorrectly claims that his direct appeal ended on October 10, 2018 when the Ohio Supreme Court dismissed his appeal from the appellate court decision concerning the trial court's denial of a motion for delayed appeal because of newly discovered evidence.[68]

However, "it is well-settled that delayed motions for [a] new trial filed after the conclusion of direct review are state collateral review applications that will not serve to toll the limitations period if they were denied by the state court as untimely."[69]Here, the trial court denied the motion without comment after the State had pointed out that it was untimely.[70]As is well-known, "[o]nce the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar."[71]

Further, it is clear from the record that neither §2244(d)(1)(B) nor §2244(d)(1)(B) are applicable here since Woodson is not arguing that he was prevented from timely raising these claims because of any state-created impediment to filing nor because there is a newly created constitutional right recognized by the United States Supreme Court made retroactive to his case.

That said, there has been no discussion of the grounds of §2244(d)(1)(D), which provides that a petitioner file his claim within one year of when the factual predicate of his claim could have

---

[67] 28 U.S.C. §2254(d)(1).
[68] ECF No. 1 at 3.
[69] *Chamblin v. Warden*, 2016 WL 8679076, at *8 (S.D. Ohio June 24, 2016) (citations omitted), R&R adopted, *Chamblin v. Warden*, 2016 WL 4472770 (S.D. Ohio Aug. 25, 2016).
[70] See, ECF No. 8, Attachment at 267.
[71] *Chamblin*, 2016 WL 8679076, at *8 (citation omitted).

been discovered through the exercise of due diligence. Arguably, Woodson could show that his four claims here meet that test. Accordingly, I recommend assuming, without deciding, that this petition be considered as timely filed under the provision of §2244(d)(1)(D).

3.    In addition, my own review of this Court's docket confirms that this is not a second or successive petition for federal habeas relief arising from Woodson's conviction and sentence.

4.    Further, it appears that no further state remedies exist for any of the four claims presented, rendering them exhausted.[72]

5.    Finally, Woodson has not sought the appointment of counsel, although he does request an evidentiary hearing.[73] In that regard, I note that when, as here, "claims are non-cognizable and/or procedurally defaulted, such claims require no further factual development and thus an evidentiary hearing is not needed."[74] Thus, to the extent that Woodson now seeks an evidentiary hearing, I recommend that such a request be denied.

Recommended adjudication

As noted, the State contends that all four grounds in the petition should be dismissed as non-cognizable.

Before addressing those arguments, I note, as the State also observes, that by naming the State of Ohio as the respondent and not the warden of the prison where Woodson is being held, Woodson has failed name the proper party.[75] Richard Bowen, Jr., warden of the Ohio State

---

[72] 28 U.S.C. §2254(b).
[73] ECF No. 1 at 16.
[74] *Johnson v. Eppinger*, 2020 WL 8771326, at *20 (N.D. Ohio June 1, 2020) (citation omitted), R&R adopted, *Johnson v. Foley*, 2021 WL 861509 (N.D. Ohio March 8, 2021).
[75] See, *Ortiz v. Karnes*, 2007 WL 2137943, at *4 (S.D. Ohio June 23, 2007) (adopting R&R). "Under no circumstances is the State of Ohio the proper respondent [in a prisoner's §2254 petition]."

Penitentiary is the state officer having custody of Woodson and so is the proper respondent.[76] The State of Ohio should be dismissed as respondent and Warden Bowen[77] substituted.

As to the four claims asserted, which all arise from purported errors occurring during Woodson's delayed motion for a new trial, it is well-settled that a "[habeas] petitioner is unable to obtain relief based on any claim that the state courts erred or misapplied Ohio law in denying his motion for a new trial."[78] In *Pudelski v. Wilson*,[79] a case, like here, where a habeas petitioner claimed that the "trial court abused its discretion and misapplied Ohio law when denying his motion for a new trial based on newly discovered evidence," the Sixth Circuit held that such a claim was non-cognizable because was "clearly premised on issues of state law," which are "not subject to [federal] habeas review."[80]

Further, because, as noted above, the delayed motion was filed after Woodson's conviction had become final at the conclusion of the direct review proceedings, that motion was an impermissible collateral attack on the conviction and not a challenge to the conviction itself, thus falling outside the scope of habeas review.[81] As the Sixth Circuit in *Cress* succinctly held, federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention.[82]

---

[76] *Id*.

[77] http://drc.ohio.gov/osp

[78] *Chamblin*, 2016 WL 8679076, at *12 (citation omitted).

[79] 576 F.3d 595 (6th Cir. 2009).

[80] *Id*. at 610-11.

[81] *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007) (citation omitted); *Hatton v. Richard*, 2016 WL 1444242 (S.D. Ohio Apr. 13, 2016) (granting respondent's motion to dismiss habeas petition as non-cognizable where petitioner claimed constitutional errors occurred in proceedings on petitioner's post-conviction motion for a new trial based on the recanting of testimony by prosecution witness).

[82] *Cress*, 484 at 853.

Accordingly, I recommend that all four grounds for habeas relief be dismissed as non-cognizable.

## Conclusion

For the reasons stated, I recommend that the *pro se* petition[83] of Aaron Woodson for a writ of habeas corpus under 28 U.S.C. §2254 be dismissed as raising non-cognizable claims for relief.

IT IS SO RECOMMENDED.

Dated: February 22, 2022                          s/William H. Baughman Jr.
                                                 United States Magistrate Judge

---

[83] ECF No. 1.

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation.  To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation.  If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it.  If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.