IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARON WOODSON, | ) | Case No. 1:19 CV 0339 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF OHIO, | ) | **ORDER ADOPTING REPORT** |
| | ) | **AND RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |

On February 22, 2022, Magistrate Judge William Baughman issued two reports and recommendations—one recommending the dismissal of Petitioner Aaron Woodson's habeas petition (ECF Doc. 13) and the other recommending the denial of Woodson's motion to amend new claims. ECF Doc. 12. Contemporaneously with this order, the Court has issued a separate order adopting Magistrate Judge Baughman's R&R recommending the dismissal of Woodson's habeas petition. The present order is related to the R&R (ECF Doc. 12) on Woodson's motion to amend new claims and to expand the record. ECF Doc. 10.

On March 8, 2022, Woodson filed a *pro se* response to Magistrate Judge Baughman's reports and recommendations ("R&R"). ECF Doc. 14. The Court has conducted a *de novo* review of those portions of the R&Rs to which objection has been made. For the reasons stated below, the Court overrules Woodson's objection, adopts Magistrate Judge Baughman's R&R (ECF Doc. 12), and DENIES Woodson's motion to amend new claims. ECF Doc. 10.

I.   **Background**

On December 13, 2021, Woodson filed a motion to amend new claims and motion to expand the record.  ECF Doc. 10.  Woodson sought to add four new claims to his habeas petition:

1. Trial court erred by using an element of the offense to justify finding the offense was more serious for sentencing purposes.

2. Trial court erred by failing to consider the purposes and principles of felony sentence[ing] set forth in R.C. 2929.11 on [the] record and failed to satisfy the necessary [sic] of imposing the maximum sentence.

3. Trial court deprived Woodson of his constitutional right to a public trial in violation of the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.

4. Trial court deprived Woodson of his constitutional right to due process in violation of the Sixth Amendment of the United States Constitution as a consequence of ineffective assistance of trial counsel for failing to object to courtroom closure and ineffective assistance of appellate counsel for failing to raise [these] issues on direct appeal.

All four of Woodson's proposed new claims originate from his original trial or sentence which became final in 2010.  For this reason, Magistrate Judge Baughman has recommended the denial of Woodson's motion to expand the record because the new claims would undoubtedly be untimely.  And allowing Woodson to amend his habeas petition to include untimely claims would be an exercise in futility.  ECF Doc. 12 at 3.

II.   **Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See *Powell v. United States*, 37 F.3d 1499 (Table), [published in full-text format at 1994 U.S. App. LEXIS 27813] 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a

2

party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. Analysis

Woodson's March 8, 2022 objection (ECF Doc. 14) is purportedly filed in response to both of Magistrate Baughman's R&Rs. (ECF Doc. 12 and ECF Doc. 13). However, Woodson's objection does not really argue that his new claims would have been timely. Rather, he asserts that the trial court erred in several ways and that he should have been granted a new trial. Because Woodson has not objected to Magistrate Judge Baughman's finding that his new claims would be futile, he has not directly stated an objection to the magistrate judge's recommendation that his motion to amend new claims should be denied.

As determined by Magistrate Judge Baughman, because the new claims Woodson seeks to assert in his habeas petition would be untimely, allowing him to amend his petition would be futile. *See Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001-02 (6th Cir. 2006). Woodson has not objected to this finding or explained how the new claims related to his 2009 trial *could* be

3

considered timely claims under AEDPA. Because permitting Woodson to amend his petition with these new claims would be futile, the Court DENIES Woodson's motion to amend petition and expand record.

### IV. Conclusion

For the reasons stated herein, the Court overrules Woodson's objection, adopts Magistrate Judge Baughman's R&R (ECF Doc. 12), and DENIES Woodson's motion to amend new claims and expand record. ECF Doc. 10.

IT IS SO ORDERED.

Dated: March 22, 2022

                                             *s/Dan Aaron Polster*
                                             United States District Judge