IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AARON WOODSON, | ) Case No. 1:19 CV 0339 |
| Petitioner, | ) JUDGE DAN AARON POLSTER |
| v. | ) |
| STATE OF OHIO, | ) **OPINION & ORDER** |
| Respondent. | ) |

On February 22, 2022, Magistrate Judge William Baughman recommended that the Court deny Petitioner Aaron Woodson's *pro se* writ of habeas corpus. ECF Doc. 13. On March 8, 2022, Woodson filed a *pro se* response to Magistrate Judge Baughman's report and recommendation ("R&R"). ECF Doc. 14. The Court has conducted a *de novo* review of those portions of Magistrate Judge Baughman's R&R to which objection has been made. For the reasons stated below, the Court overrules Woodson's objections and adopts the R&R.

I. **Background**

In 2009, a jury found Woodson guilty of aggravated murder and carrying a concealed weapon. The trial court sentenced Woodson to serve a life term without parole. ECF Doc. 8-2 at 420. The Ohio Court of Appeals affirmed the trial court's judgment. *State v. Woodson,* 8th Dist. Cuyahoga No. 93476, 2010-Ohio-1671 (April 15, 2010). The Ohio Supreme Court then denied leave to appeal for lack of any substantial constitutional question. ECF Doc. 8-2 at 155.

On July 1, 2010, Woodson filed a *pro se* application pursuant to App. R. 26(B) for ineffective assistance of appellate counsel. ECF Doc. 8-2 at 156. Woodson argued he had been denied access to his trial transcript (ECF Doc. 8-2 at 158), and his *trial* counsel was ineffective for failing to move to sever the aggravated murder charge from the concealed weapon charge. ECF Doc. 8-2 at 162. On November 22, 2010, Woodson filed a *pro se* notice of appeal in the Ohio Supreme Court. ECF Doc. 8-2 at 189. On February 2, 2011, the Ohio Supreme Court dismissed Woodson's appeal for lack of any substantial constitutional question. ECF Doc. 8-2 at 212.

On April 12, 2018, Woodson filed a motion for leave to file a motion for new trial based on newly discovered evidence. ECF Doc. 8-2 at 213. Supported by an affidavit from his grandmother, Woodson claimed that one of the trial witnesses had admitted to giving false testimony at trial. ECF Doc. 8-2 at 238. On May 3, 2018, the trial court denied defendant's motion as moot. ECF Doc. 8-2 at 295. Woodson filed a *pro se* appeal on May 29, 2018, which the Ohio Court of Appeals dismissed for failure to file a precipe as required by local rule. ECF Doc. 8-2 at 330. Woodson filed a motion to correct his initial appeal, but the Ohio Court of Appeals denied his request. ECF Doc. 8-2 at 333. The Ohio Supreme Court declined to accept jurisdiction (ECF Doc. 8-2 at 365), and later denied Woodson's motion for reconsideration. ECF Doc. 8-2 at 381.

On June 27, 2018, Woodson also filed a delayed appeal challenging the denial of his motion for a new trial. ECF Doc. 8-2 at 382. The Ohio Court of Appeals denied leave to file a delayed appeal because Woodson had already filed a direct appeal on this issue and was not permitted to file a second appeal. ECF Doc. 8-2 at 415.

On February 12, 2019, Woodson filed the instant petition for federal habeas relief. ECF Doc. 1. Grounds One and Two purport to be "motions" for leave and for a new trial based on newly discovered evidence. ECF Doc. 1 at 17-18. Ground Three asserts the trial court erred in denying appellant's motion for a new trial, and Ground Four states the trial court abused its discretion when denying the motion for new trial. ECF Doc. 1 at 18-19.

Magistrate Judge Baughman's R&R noted that Woodson's petition was potentially untimely but recommended that the Court assume it *was* timely, without actually deciding that issue. He ultimately recommended dismissal based on the non-cognizability of Woodson's grounds for relief. Specifically, he found that Woodson's grounds for relief involve only state law and were not subject to federal habeas review. ECF Doc. 13. After *de novo* review of the portions of the R&R to which Woodson has arguably objected, the Court agrees.

**II.     Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), [published in full-text format at 1994 U.S. App. LEXIS 27813] 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly

objected to."); L.R. 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. Woodson's Objection

Woodson filed a "respondent" to the report and recommendation on March 8, 2022. ECF Doc. 14. For the most part, his response (or objection) merely restates the arguments raised in his habeas petition. He recounts the evidence that was introduced at his trial. But his main argument is that he should have received a new trial due to the recantation of one of the trial witnesses. However, the trial court's denial of his motion for a hearing and motion for a new trial were based on Ohio Crim. R. 33 and Ohio case law. Woodson has not explained how the state court's decision was related to his federal constitutional rights.

Woodson also argues that a state procedural default rule was not adequately established prior to his appeal. ECF Doc. 14-2. However, this argument is misplaced because the R&R was not based on procedural default. In short, Woodson does not specifically identify the portions of Magistrate Judge Baughman's R&R to which he is objecting. As already stated, Magistrate Judge Baughman recommended the Court dismiss Woodson's grounds for relief because they present only state law matters. Woodson's response does not counter that conclusion. In fact, his response is based almost entirely on state law.

### IV. Law & Analysis

Magistrate Baughman's R&R recommends dismissal based on non-cognizability. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *id.* at 67-68, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983). Thus, a claim that an Ohio court misapplied Ohio law when deciding a motion for a new trial is not cognizable on habeas review. *Pudelski v. Wilson*, 576 F.3d 595, 611 (6th Cir. 2009).

Woodson's objection actually reinforces Magistrate Judge Baughman's conclusion that Woodson's arguments involve only state law. All but one of the cases cited by Woodson are Ohio cases applying Ohio law. The one exception, *United States v. Grey Bear,* 116 F.3d 349, 351 (8th Cir. June 25, 1997), does not support Woodson's arguments. *Grey Bear* was a federal case. The district court, applying federal—not state—law, determined that defendant was not entitled to a new trial because the recantation of a trial witness was not believable. *Id. Grey Bear* recognized that a recantation is "undeniably material and important," but only if it is believable. *Id. Grey Bear's* holding does not assist Woodson because, even if it directly applied to his habeas arguments, it affirmed the district court's determination that a recantation was not credible. Here, Woodson is seeking habeas review of a state court's application of state law on granting a new trial. In that regard, *Grey Bear* is inapposite. And *Grey Bear* is the <u>only</u> federal case cited in Woodson's objection.

As noted above, Woodson also objects to the R&R based on a procedural default argument. ECF Doc. 14-2 at 5-6. But Magistrate Judge Baughman's R&R does not recommend dismissal based on procedural default. It recommends dismissal because Woodson's arguments do not involve federal law, and the Court agrees with that recommendation. The Court need not

5

undertake a detailed review of Woodson's procedural default argument because the R&R was not based on the procedural default of his grounds for relief.

Upon de novo review of those portions of the R&R to which Woodson has objected, the Court finds that Magistrate Judge Baughman correctly determined that Woodson's grounds for habeas relief were based on state law and are not cognizable on federal habeas review. The Court hereby OVERRULES Woodson's objections, ADOPTS the R&R, and DENIES Woodson's petition for habeas review.

    IT IS SO ORDERED.

Dated: March 22, 2022

                                          *s/Dan Aaron Polster*
                                          United States District Judge